UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMANTHA LANETTE CURRY,

    Plaintiff,

v.                                                        CASE NO. 3:23-cv-1417-MMH-SJH

MARTIN J. O'MALLEY, Commissioner
of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me on referral for a report and recommendation on Plaintiff's appeal of an administrative decision denying her applications under the Social Security Act ("Act") for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). In a decision dated February 3, 2023, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability from May 6, 2019, the alleged disability onset date, through the date of decision. Tr. 22-48. For the reasons herein, I **recommend** that the Commissioner's decision be **reversed and remanded** for further administrative proceedings.

    **I.**    **Issues on Appeal**

Plaintiff argues on appeal that "[t]he ALJ's RFC determination was not supported by substantial evidence due to his failure to properly evaluate the medical opinion evidence." Doc. 13 at 9. More specifically, Plaintiff argues the ALJ failed to

properly evaluate the medical opinions of Drs. Stephen Izeiyamu and Randal Sherwood. *Id.* at 10. I recommend that the argument as to Dr. Sherwood has merit.

I further recommend that the Court need not address Plaintiff's remaining arguments. *See Williamson v. Saul*, No. 3:20-cv-155-J-JBT, 2021 WL 9349070, at *2 (M.D. Fla. Jan. 7, 2021) ("The Court need not address the remaining issues raised by Plaintiff because the Commissioner's reasoning regarding these other issues may change on remand."); *Nice v. Acting Comm'r of Soc. Sec. Admin.*, No. 8:17-cv-624-T-MCR, 2018 WL 823139, at *4 (M.D. Fla. Feb. 12, 2018) ("[T]he Court need not address Plaintiff's remaining arguments, because, on remand, the ALJ will have to reassess the entire record."); *see also Goginsky v. Saul*, No. 8:19-cv-3021-CPT, 2021 WL 9598104, at *7 (M.D. Fla. Mar. 30, 2021) (declining to address other claims of error but explaining that on remand "the Commissioner should reassess the entire record, providing sufficient reasons and readily-identifiable evidentiary support for his decision").

## II.   Standard of Review

Plaintiff appeals the denial of her applications for DIB under Title II of the Act, 42 U.S.C. § 401 *et seq.*, and for SSI under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*[1] The terms of judicial review for each are set by 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)). Under § 405(g), judicial review "is limited to an

---

[1] The regulations under Title II are located at 20 CFR pt. 404. The regulations under Title XVI are located at 20 CFR pt. 416.

inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[2]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "'more than a mere scintilla'" of evidence, the threshold for this standard "is not high[,]" *id.*, and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. Nor may a reviewing court "'decide the facts anew, make credibility determinations, or re-weigh evidence.'" *Id.* at 1306 (citation omitted); *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

3

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III.  The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 382c(a)(3)(A).[3] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[4] The ALJ applied this five-step sequential

---

[3] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[4] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. §

process. Tr. at 26-39.[5] At step one, the ALJ found that Plaintiff engaged in substantial gainful activity during the following periods: March 1, 2019 to December 31, 2019; January 2020; and March 2020. *Id.* at 28-29. The ALJ also found, however, that there was a continuous 12-month period during which she did not engage in substantial gainful activity. *Id.* at 30. As to the periods when Plaintiff did not engage in substantial gainful activity, the ALJ found at step two that Plaintiff has the following severe impairments: obesity; diabetes mellitus with peripheral neuropathy; anxiety disorder; post-traumatic stress disorder ("PTSD"); hypertension; bipolar disorder; and personality disorder. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* at 30-32. The ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> **to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk, each, for six hours in an eight-hour workday. The claimant can push and pull as much as she can lift and carry. The claimant should never climb ladders and scaffolds. The claimant should never work around unprotected heights or moving mechanical parts. The claimant is limited to simple tasks and simple work-related decisions. The claimant can**

---

404.1520(a)(4); 20 C.F.R. § 416.920(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3-4 (M.D. Fla. July 26, 2024).

[5] The ALJ found Plaintiff meets the insured status requirements through December 31, 2025. *Id.* at 28. Title II of the Act "'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.'" *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). Title XVI of the Act "provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.'" *Id.* (citation omitted).

> **occasionally interact with supervisors and the public; frequently interact with coworkers. Time off task can be accommodated by normal breaks.**

*Id.* at 32. The ALJ found at step four that Plaintiff is unable to perform any past relevant work but found at step five that jobs exist in significant numbers in the national economy that she can perform such that she is not under a disability. *Id.* at 38-39.

## IV. Analysis

Plaintiff argues that "[t]he ALJ's RFC determination was not supported by substantial evidence due to his failure to properly evaluate the medical opinion evidence" of Drs. Izeiyamu and Sherwood. Doc. 13 at 9. The claims in this case were filed after March 27, 2017, so the revised regulations under 20 C.F.R. §§ 404.1520c and 416.920c apply. Under these regulations, as to each medical source, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) relationship with the claimant; (iv) specialization; and (v) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ *must* explain the consideration of these two factors and *may*, but need not, explain consideration of the others. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see also Vaccarino v. Comm'r of Soc. Sec.*, No. 8:22-cv-209-MAP, 2023 WL 2583301, at *4 (M.D. Fla. Mar. 21, 2023) ("To reiterate, the

6

regulations require the ALJ to address the supportability and consistency factors in considering the persuasiveness of a medical opinion."); *Radnovich v. Comm'r of Soc. Sec.*, No. 8:20-cv-1448-MSS-CPT, 2022 WL 2318065, at *1-2 (M.D. Fla. Mar. 10, 2022).

As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

As set forth below, I agree with Plaintiff that the ALJ failed to properly explain consideration of the supportability factor as to Dr. Sherwood; thus, I recommend reversing on that basis without addressing at this time the consistency factor as to Dr. Sherwood or the opinions of Dr. Izeiyamu. *See Goginsky*, 2021 WL 9598104, at *7; *Williamson*, 2021 WL 9349070, at *2; *Nice*, 2018 WL 823139, at *4.

Dr. Sherwood performed a single examination of Plaintiff in August 2020. *See* Tr. at 34, 709-14; *see also* Doc. 13 at 17; Doc. 15 at 15. The ALJ acknowledged that

> Dr. Sherwood opined that the claimant showed mild impairment in her ability to understand and carry out simple instructions and tasks, and moderate impairment as the instructions and tasks become more complex. She demonstrated moderate impairment in her ability to attend

7

> to and concentrate on usual work situations. She demonstrated moderate impairment in her ability to interact effectively with supervisors, co-workers, and the public. Her ability to adapt to changes in a working environment was opined to be severely impaired. She demonstrated severe impairment in her pace, her persistence of tasks, and her ability to perform activities within a schedule and maintain regular attendance. Because of her apparently impaired concentration and immediate memory, and her apparent difficulty with mental calculation, it was opined that the claimant may need assistance in managing her funds toward her own best interest.

Tr. at 34. However, the ALJ found

> the opinion from Dr. Sherwood of limited persuasive value for long term limitations of functioning **as it is not supported by prior findings consistent with the positive symptoms noted during this evaluation, such as the claimant appearing agitated and fearful during the interview, impaired concentration, and difficulty with memory**. Subsequent clinical findings also do not show persistent symptoms consistent with those noted during the examination. The undersigned also notes that the claimant was not regularly treating her mental health symptoms with anything more than as needed medications from primary care at the time of the evaluation.

*Id.* at 34-35 (emphasis added). Plaintiff argues that the ALJ's evaluation of Dr. Sherwood's opinion lacks the requisite discussion of the supportability factor insofar as the "only allusion to the supportability factor" was the statement emphasized in bold above but that such statement was actually a consistency analysis. Doc. 13 at 16-17. I agree. Since Dr. Sherwood conducted only a one-time consultative examination, the ALJ's statement that the opinion was "not supported by prior" consistent findings is necessarily a comment on the consistency with *other* medical evidence (*i.e.*, a consistency analysis, *see* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)) and *not* that presented by Dr. Sherwood (*i.e.*, a supportability analysis, *see* 20 C.F.R. §§

8

404.1520c(c)(1), 416.920c(c)(1)); *see also Curlee v. Kijakazi*, No. 8:22-cv-1697-CPT, 2023 WL 6307183, at *5 (M.D. Fla. Sept. 28, 2023) ("[T]he Commissioner cites only to examples of the ALJ's reliance on evidence from other sources, which speaks to the consistency, not the supportability, of [the doctor's] opinion.").

Thus, whatever import the consistency of Dr. Sherwood's evaluation with "prior findings" may hold in a consistency analysis, such cannot, despite being the only allusion in the ALJ's discussion, carry the requisite explanation as to supportability. *See, e.g.*, *Curlee*, 2023 WL 6307183, at *5 ("[T]he ALJ seemingly satisfied the consistency requirement …. On the issue of supportability, however, the ALJ never took into account [the at-issue doctor's] own examination findings and how that evidence did or did not cohere with his opinion."); *McDaniel v. Comm'r of Soc. Sec.*, No. 6:21-cv-125-LHP, 2022 WL 11348279, at *5 (M.D. Fla. July 5, 2022) (finding "ALJ erred by failing to adequately address the supportability factor" where the ALJ noted inconsistencies between a doctor's "opinion and the medical record at large" but "the exhibits the ALJ reference[d were] from other medical sources" and the ALJ failed to explain how the doctor's "own treatment and examination notes fail[ed] to support his opinions"). "As a result, reversal and remand is required." *See Curlee*, 2023 WL 6307183, at *5; *see also McDaniel*, 2022 WL 11348279, at *6; *Radnovich*, 2022 WL 2318065, at *1-2.

Defendant, for its part, states that "[t]he primary reason" the ALJ found Dr. Sherwood's opinion not indicative of long-term limitations of functioning, "as

9

discussed by the ALJ, was due to factors regarding the consistency factor." Doc. 14 at 17. But that euphemism highlights the problem. As between consistency and supportability—the two factors the ALJ must discuss and explain—consideration of the consistency factor was not "[t]he primary reason" the ALJ provided for not deeming Dr. Sherwood's opinion persuasive; it was the only reason. Tr. at 34-35.

Defendant's brief arguments in support of finding an adequate supportability analysis are unavailing. *See* Doc. 14 at 16-17. First, Defendant argues that the ALJ was not required to "use 'magic language' or follow a particular formula" to conduct an adequate supportability analysis. Doc. 14 at 16 n.8. "This contention misses the point. The question here is not whether the ALJ adorned his finding with certain verbiage but whether he adequately evaluated the degree to which [the doctor at issue] identified record evidence buttressing his own opinion"—*i.e.*, provided the requisite supportability analysis and explanation. *Curlee*, 2023 WL 6307183, at *5; *see also DeFrank v. Comm'r of Soc. Sec.*, No. 2:22-cv-663-DNF, 2023 WL 8664684, at *5 (M.D. Fla. Dec. 15, 2023) ("Even though an ALJ need not use any 'magic words' when considering supportability and consistency, he still must address those two factors in the decision. While the ALJ thoroughly considered the consistency of [a doctor's] opinions, the ALJ failed to address the supportability of [the] opinions, which conflicts with the Regulations.") (internal citation omitted). If anything, the "no magic language" rule cuts against Defendant. The ALJ used the word "supported" but did not provide the requisite supportability analysis and explanation.

10

Next, Defendant argues that the supportability factor was adequately addressed as "[t]he ALJ noted there was an inconsistency between Plaintiff's lack of symptoms reported, of which she only told Dr. Sherwood she was alleging disability due to 'PTSD, depression,'" while she "'alleged that she was living with a cousin but sleeping in her car because she could better tell if someone was outside[.]'" Doc. 14 at 16 (quoting Tr. at 34, 710). But this misstates what the ALJ wrote. The ALJ, discussing the August 14, 2020, evaluation by Dr. Sherwood, wrote: "In contrast to the normal finding noted by primary care and lack of symptoms reported, the claimant alleges that she was living with a cousin but sleeping in her car because she could better tell if someone was outside (Exhibit 2F)." Tr. at 34.[6] Thus, the language cited by Defendant to argue in favor of supportability was merely a comparison by the ALJ of statements Plaintiff told Dr. Sherwood to symptoms reported to, and findings of, *another* doctor (her primary care physician). *Id.* That is not a supportability discussion. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1); *Curlee*, 2023 WL 6307183, at *5; *McDaniel*, 2022 WL 11348279, at *6.[7]

---

[6] The cited Exhibit includes the statement from Plaintiff about sleeping in her car. Tr. at 710.

[7] Regardless, even if the language pulled by Defendant could be deemed related to supportability, the ALJ did not purport to rely on it for such—or tie it to the later discussion in which he presented the opinion of Dr. Sherwood and explained *his* reasoning for deeming such of limited value. Tr. at 34-35. Post-hoc arguments rationalizing an ALJ's decision are not a substitute for the explanation required by the regulations. *See, e.g.*, *Vicente v. Comm'r of Soc. Sec.*, No. 6:22-cv-01057-LHP, 2023 WL 2864407, at *6 (M.D. Fla. Apr. 10, 2023); *Galarza-Pinto v. Comm'r of Soc. Sec.*, No. 6:20-cv-2108-LRH, 2022 WL 281188, at *6 (M.D. Fla. Jan. 31, 2022).

11

Finally, Defendant argues that "[t]he ALJ's decision … appears to note that 'prior findings consistent with the positive symptoms noted'" during his evaluation "lends limited persuasive value to Dr. Sherwood's opinions." Doc. 14 at 16-17. But the ALJ said that limited persuasive value was warranted because Dr. Sherwood's opinion was "*not* supported by prior findings consistent with" the symptoms noted during his evaluation. Tr. at 34 (emphasis added). In any event, as discussed herein, argued by Plaintiff, and never countered by Defendant, the consistency or inconsistency of Dr. Sherwood's evaluation with prior findings by other medical sources may relate to a consistency analysis but not a supportability one.

V. **Conclusion**

Accordingly, I respectfully **recommend** the Court enter an Order:

1. **Reversing** the Commissioner's decision and **remanding** the case to the Commissioner for further proceedings consistent with the Court's Order and this Report and Recommendation; and

2. Directing the Clerk of Court to (i) enter judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g); and (ii) close the file.

**NOTICE TO PARTIES**

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve

12

and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on September 12, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

Counsel of Record